IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS A. BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00395-JB-B |
| | ) |
| BRANDSAFWAY SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant BrandSafway Solutions, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13). Upon consideration of all matters presented, and for the reasons stated herein, Defendant's motion is **GRANTED**.

**I.    BACKGROUND**

On September 25, 2023, Plaintiff Thomas A. Burns ("Burns"), who is proceeding without counsel, commenced this action by filing a complaint against Defendant BrandSafway Solutions, LLC ("BrandSafway") in the Circuit Court of Mobile County, Alabama. (Doc. 1-2 at 7-11). In his state court complaint,[1] Burns alleged that in June 2020, while he was employed by BrandSafway in West Palm Beach, Florida, a doctor prescribed him medical marijuana "for relief of multiple symptoms."[2] (Id. at 7-8). Burns alleged that he informed his supervisors at BrandSafway "of the doctors orders and they were supportive of the situation." (Id. at 8). Burns alleged that he

---

[1] Burns titled his complaint: "Civil Complaint for Violation of U.S.C.A. Fourteen. Equal Protection Act, The American Disabilities Act, And The Alabama Medical Marijuanna Act." (Doc. 1-2 at 7).

[2] Unless otherwise indicated by brackets, quoted language from Burns' *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

transferred to the BrandSafway branch in Mobile, Alabama on July 5, 2021. (Id.). Burns alleged that on July 26, 2021, his employment "was terminated by supervisor Robert Barlow because Burns told him he couldn't pass a drug screen because he was on medical marijuanna from Florida and the drug screen would show positive" for THC. (Id.). Burns alleged that his employment was terminated immediately, and he was not given an opportunity to undergo a drug screen, a chance to "clean up" for a test, treatment options, or other alternatives. (Id. at 8, 10). Burns asserted that he was wrongfully discharged by BrandSafway, and that the loss of his employment had "destroyed" his life. (Id. at 8).

In the section of his complaint titled "Grounds for Relief," Burns appeared to suggest that the "Medical Marijuanna Act for the State of Alabama" violated the Fourteenth Amendment's Equal Protection Clause. (Id. at 8-9). Burns referenced marijuana laws from other states such as California and asserted that numerous states "have helped against firing of employees under the Medical Marijuanna Act or for treatment thereof." (Id. at 9). Burns claimed "you cannot treat people in Alabama any differently in Alabama than other states which would clearly be a violation under the Medical Marijuanna Act and the American Disabilities Act." (Id.). For relief, Burns requested $250,000 in punitive damages "for wrongful discharge, anguish, and pain and suffering." (Id. at 8).

BrandSafway removed the action to federal court on October 19, 2023. (Doc. 1). Shortly after removal, the assigned Magistrate Judge[3] reviewed Burns' state court complaint and found

---

[3] Pursuant to 28 U.S.C. § 636(c) and S.D. Ala. GenLR 73(c), this case was randomly assigned to the Magistrate Judge for all purposes including trial, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered October 23, 2023. (Doc. 4). The Notice of Assignment informed the parties that they had "the right" to have this case "reassigned to a United States District Judge for trial and disposition" and could do so by confidentially submitting a "Request for Reassignment to a United States District Judge" to the Clerk of Court. (Id. at 1). No party

that it was an impermissible shotgun pleading that violated the Federal Rules of Civil Procedure and failed to provide adequate notice of Burns' claims. (Doc. 8 at 6). Accordingly, the complaint was stricken as an impermissible shotgun pleading, and Burns was granted leave to file an amended complaint. (Id. at 7). The Magistrate Judge cautioned Burns that if his amended complaint failed to address and correct the noted deficiencies in his original complaint, she would recommend that this action be dismissed. (Id. at 9-10).

On November 27, 2023, Burns filed an amended complaint against BrandSafway using the complaint format found in this Court's Pro Se Litigant Handbook. (Doc. 10). In the amended complaint, which is now his operative pleading, Burns lists as the grounds for this Court's jurisdiction: "Unlawful Discharge from Employment" and "Discrimination." (Id. at 1). When prompted to state briefly his legal claim or reason for filing suit, and to include the statute under which the suit is filed, Burns states:

(1.)   Unlawful Discharge from Employment.
(2.)   Reason to File Suit was Because Discharge was Damaging Equal Protection.

(Id. at 2). When prompted to give a statement of the facts involved in his case, Burns states:

1.   Dischaged from Employment for Being Under Medical Marijuanna
(2)   No Opportunity to Test or Clean Up
(3)   Discrimination – Plaintiff Was Only White Male And His Co-Workers Where Black and Harrassed by a Certain Black Employee.

---

returned a Request for Reassignment to the Clerk of Court. However, in light of Burns' *pro se* status and the potentially dispositive nature of the pending motion to dismiss, this case was reassigned to the undersigned Chief District Judge on April 18, 2024.

(Id.). For relief, Burns requests $100,000 "in monitary damages for pain + suffering and mental anguish." (Id.).

On December 11, 2023, BrandSafway filed the instant motion to dismiss Burns' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13). In the motion to dismiss, BrandSafway advances three primary arguments. (See id.). First, BrandSafway argues that Burns "fails to allege any facts to establish that he exhausted his administrative remedies as to any purported discrimination claim, which is required before he can pursue such claims in court." (Id. at 2). Second, BrandSafway asserts that Burns "fails to state a claim for discrimination or harassment because he fails to provide any factual support to establish the required elements of these claims." (Id.). Third, BrandSafway contends that Burns "fails to state a claim for wrongful discharge because Alabama does not recognize a common law wrongful discharge claim and the state's medical marijuana law does not protect [Burns] from termination for using marijuana." (Id. at 2-3). Burns filed a response in opposition to BrandSafway's motion (Doc. 17), and BrandSafway filed a reply in support of its motion. (Doc. 18). BrandSafway's motion to dismiss has thus been fully briefed and is ripe for resolution.

## II.  STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id.  This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim.  Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017).  That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth."  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011).  A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555; see also Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1271 (11th Cir. 2004) ("[A] pleading [cannot] survive dismissal when it consist[s] of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based.").

A court reviewing a motion to dismiss must typically limit its consideration to the complaint and any exhibits attached thereto.  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).  However, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); see also Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

#### A. Failure to Exhaust Administrative Remedies for Title VII and ADA Claims

In the amended complaint, Burns appears to allege that he suffered discrimination and harassment based on his race. (See Doc. 10). To the extent Burns raises claims for racial discrimination and harassment, he does not identify a statutory basis for such claims. (See id.). However, BrandSafway construes the amended complaint as asserting claims for racial discrimination and racial harassment/racially hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Doc. 13 at 5-9). BrandSafway also construes the amended complaint as raising a claim for disability discrimination under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").[4] (Id. at 5-8).

BrandSafway notes correctly that Burns does not allege that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or that he

---

[4] As noted previously, Burns' original complaint alleged a violation of the "American Disabilities Act." (Doc. 1-2 at 9). However, the operative amended complaint contains no reference to the ADA or to discrimination on the basis of disability. (See Doc. 10).

6

received a notice of right to sue from the EEOC. (Id. at 6).[5] Therefore, BrandSafway contends that Burns failed to exhaust his administrative remedies with respect to his ADA and Title VII claims, and that those claims must be dismissed. (Id.). BrandSafway further asserts that the dismissal of Burns' ADA and Title VII claims should be with prejudice, because the 180-day window for Burns to file an EEOC charge based on his July 26, 2021 termination has already expired. (Id. at 6 n.4).

Before filing suit under the ADA or Title VII, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days "after the alleged unlawful employment practice occurred[,]" and by filing a civil action within ninety days after receiving a right-to-sue notice from the EEOC. See 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1), and 12117(a). The purpose of this exhaustion requirement is to afford the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983). "Only if the EEOC fails to achieve voluntary compliance will the matter ever become the subject of court action." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).[6] "[R]aising a particular claim at the administrative level is a condition precedent to filing suit on the claim." Clark v. City of Macon, Ga., 860 F. Supp. 1545, 1551 (M.D. Ga. 1994). "Thus, if a plaintiff fails to file an EEOC charge before the 180–day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust

---

[5] BrandSafway represents that it "has not received a charge of discrimination relating to Plaintiff." (Doc. 13 at 6 n.3).
[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

administrative remedies." Thomas v. Alabama Council on Hum. Rels., Inc., 248 F. Supp. 2d 1105, 1115 (M.D. Ala. 2003); see Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 662 (11th Cir. 1993) (holding that failure to file charges with the EEOC within the 180-day time period barred plaintiffs' Title VII claims).

As noted, BrandSafway contends that the amended complaint fails to state viable claims under the ADA or Title VII because it does not allege that Burns timely filed a charge of discrimination with the EEOC. (Doc. 13 at 5-6). Further, as BrandSafway notes, Burns fails to allege that he received a right-to-sue notice from the EEOC and timely filed the instant lawsuit upon receipt of said notice. Thus, BrandSafway asserts that Burns' claims under the ADA and Title VII must be dismissed for failure to exhaust his administrative remedies. (Id. at 6). Burns offers no evidence or argument contesting these assertions. (See Doc. 17). And, given that the alleged acts of discrimination and harassment necessarily occurred in July 2021, there is no question that the 180-day window for Burns to timely file an EEOC charge against BrandSafway closed long before he filed this lawsuit.

Based on the foregoing, the Court finds that Burns' failure to timely file a charge of discrimination with the EEOC bars his discrimination and harassment claims against BrandSafway under the ADA and Title VII, to the extent such claims are being asserted. Because Burns did not timely file a charge of discrimination with the EEOC after his employment was terminated in July 2021, he failed to exhaust his administrative remedies under the ADA or Title VII. Accordingly, Burns' claims under the ADA and Title VII are due to be dismissed with prejudice.[7]

---

[7] Because any Title VII or ADA claims arguably raised in the amended complaint are barred based on Burns' failure to exhaust his administrative remedies with respect to those claims, the Court will not address in detail

B.   **Failure to State a Claim**

1.   **42 U.S.C. § 1981**

Although not specifically addressed in BrandSafway's motion to dismiss, Burns could also be bringing his racial discrimination claims under 42 U.S.C. § 1981.[8]  Like Title VII, § 1981 "protects against employment discrimination on the basis of race."  Addison v. Ingles Markets, Inc., 515 F. App'x 840, 841 (11th Cir. 2013) (per curiam).  However, unlike Title VII claims, "§ 1981 claims alleging race discrimination don't have any sort of exhaustion requirement."  Bess v. Dental Scheduling Ctr. Inc., --- F. Supp. 3d ----, 2023 U.S. Dist. LEXIS 231141, at *15, 2023 WL 9051268, at *6 (M.D. Ga. Dec. 29, 2023); see also Price v. M & H Valve Co., 177 F. App'x 1, 9 (11th Cir. 2006) (per curiam) ("To the extent [plaintiff] was relying . . . on § 1981 [instead of Title VII], a plaintiff is not required to exhaust his administrative remedies before filing a § 1981 action in federal court.").

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race.  42 U.S.C. § 2000e-2(a)(1).  Similarly, § 1981 "prohibits intentional race discrimination in the making and enforcement of public and private contracts, including

---

BrandSafway's further arguments for dismissal of those claims based on Burns' failure to allege sufficient facts to establish the required elements of the claims.  (See Doc. 13 at 2, 6-9).  However, the Court notes in passing that Burns' amended complaint, which consists almost exclusively of labels and conclusions, plainly lacks sufficient factual content to support a claim for discrimination or harassment/hostile work environment under either Title VII or the ADA.

[8] Because 42 U.S.C. § 1981 only applies to racial discrimination, Burns cannot bring a disability discrimination claim under that statute.  See Harris v. Atlanta Indep. Sch. Sys., 2009 U.S. Dist. LEXIS 139667, at *23, 2009 WL 10665027, at *9 (N.D. Ga. Aug. 9, 2009) ("Since § 1981 only applies to race discrimination, Plaintiff cannot bring disability discrimination claims under § 1981."); Ferrill v. Parker Group, Inc., 168 F.3d 468, 473 (11th Cir. 1999) (noting that "§ 1981 proscribes discrimination solely on the basis of race").

employment contracts."[9] Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999). The elements of a race-based employment discrimination claim under § 1981 are the same as the elements of a disparate treatment claim under Title VII.[10] Addison, 515 F. App'x at 842. "Disparate treatment claims take two forms: (1) 'a tangible employment action, such as a firing or demotion' or (2) 'a hostile work environment that changes the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned.'" Ortiz v. Sch. Bd. of Broward Cty., Fla., 780 F. App'x 780, 783 (11th Cir. 2019) (per curiam) (citation omitted); see also Moore v. Jimmy Dean/Sara Lee Foods, Inc., 520 F. Supp. 2d 1359, 1365 (N.D. Ala. 2007) (noting that Title VII and § 1981 "encompass situations in which an employer intentionally discriminates against an individual on the basis of that individual's race, whether by terminating their employment, or by allowing them to be subjected to a racially-hostile working environment").[11]

As noted previously, Burns arguably alleges that he suffered racial discrimination both in the form of a tangible employment action (his "unlawful discharge from employment") *and* via a racially hostile work environment (being "harrassed by a certain black employee"). (See Doc. 10

---

[9] The phrase "make and enforce contracts" in § 1981 is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all the benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Courts in jurisdictions that have addressed the issue have found that at-will employment contracts are considered 'contracts' deserving of protection under Section 1981." Robinson v. Int'l Paper Co., 2008 U.S. Dist. LEXIS 66526, at *12 n.8, 2008 WL 4080208, at *4 n.8 (S.D. Ala. Aug. 29, 2008) (rejecting defendant's argument that plaintiff could not state a claim under § 1981 because there was no contract between the parties for the job in question).

[10] Thus, BrandSafway's arguments that Burns failed to allege sufficient facts to state claims for discrimination and harassment under Title VII (see Doc. 13 at 2, 6-9) are equally applicable to claims under § 1981.

[11] See Shields v. Fort James Corp., 305 F.3d 1280, 1282 (11th Cir. 2002) (recognizing that plaintiffs can bring hostile work environment claims under both Title VII and § 1981); Williams v. Harco Drugs, Inc., 896 F. Supp. 1150, 1152 (S.D. Ala. 1994) (considering plaintiff's claim of discriminatory discharge under both Title VII and § 1981), aff'd, 107 F.3d 25 (11th Cir. 1997).

at 2). BrandSafway argues that Burns has failed to provide any factual support for his threadbare claims of racial discrimination and harassment. (Doc. 13 at 7-9).

"To state a claim for race discrimination, 'a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination.'" Bess, 2023 U.S. Dist. LEXIS 231141, at *16, 2023 WL 9051268, at *7 (quoting Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015)). To plead a racially hostile work environment claim, a plaintiff is required to allege facts plausibly suggesting that "(1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability." Edwards v. Prime, Inc., 602 F.3d 1276, 1300 (11th Cir. 2010).

To the extent Burns claims that he was fired or subjected to unwanted harassment because of his race,[12] he offers nothing beyond labels and conclusions to support such assertions. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, 550 U.S. at 555, 557); Edwards, 602 F.3d at 1301 (finding plaintiff's assertion that he "was subjected to a hostile discriminatory environment on the basis of his race, in violation of 42 U.S.C. § 1981" to be insufficient to state a claim for relief). The mere fact that Burns' co-workers were of a

---

[12] "For a § 1981 claim, the successful plaintiff must prove race was a but-for cause of the adverse employment action . . . ." Bess, 2023 U.S. Dist. LEXIS 231141, at *16 n.9, 2023 WL 9051268, at *7 n.9 (citing Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1014 (2020)).

11

different race than him is insufficient to plausibly suggest intentional race discrimination. See Milledge v. City of Hartford, 2020 U.S. Dist. LEXIS 114201, at *7, 2020 WL 3510813, at *3 (D. Conn. June 29, 2020) ("[A] claim for discrimination is not made plausible simply because the person who has engaged in an adverse action is of a different race than the plaintiff."); Coulton v. Univ. of Pa., 237 F. App'x 741, 747-48 (3d Cir. 2007) (noting that "[t]he mere fact that [supervisors] were of a different race than [plaintiff] . . . is insufficient to permit an inference of discrimination," because "[u]nder a contrary rule, federal anti-discrimination laws would be implicated every time an employee suffered an adverse employment action at the hands of a supervisor of a different race"); Edwards, 602 F.3d at 1301 ("The facts that Edwards is Caucasian and that the co-workers who were threatening and shunning him were Hispanic or Latino, by themselves, do not state a plausible claim of race discrimination.").

Likewise, with respect to Burns' putative claim for racial harassment/hostile work environment, "the test for whether a plaintiff has been subject to racial harassment is whether the allegedly harassing behavior is based on race[,] not whether the alleged perpetrator of the harassment is of a different race from the plaintiff." Pinder v. Emp. Dev. Dep't, 227 F. Supp. 3d 1123, 1145 (E.D. Cal. 2017); see Edwards, 602 F.3d at 1301 ("Although the amended complaint does allege that Edwards was threatened, assaulted, and shunned by his Hispanic and Latino co-workers, which created a hostile work environment, it does not plausibly allege that he was harassed *because he is Caucasian*.") (emphasis added).  Moreover, as BrandSafway correctly points out, the amended complaint provides no details regarding the severity or pervasiveness of the alleged harassment, nor does it offer facts suggesting that BrandSafway was responsible for the alleged harassment by a certain employee.

Accordingly, Burns' amended complaint does not state a claim upon which relief can be granted for discriminatory discharge on the basis of race or racially hostile work environment under 42 U.S.C. § 1981.

### 2.     Wrongful Discharge

To the extent Burns' assertion that he was unlawfully discharged from his employment for "Being Under Medical Marijuanna" can be construed as a claim for wrongful discharge under Alabama law, BrandSafway argues that Burns' claim fails as a matter of law because Alabama does not recognize a common law claim for wrongful discharge.  (Doc. 13 at 9).

"It is well-settled law in Alabama that employment is at will and is terminable by either party with or without cause."  Harper v. Winston County, 892 So. 2d 346, 351 (Ala. 2004).  "[A]n employer can discharge an at-will employee for a bad reason or no reason, and the employee has no right to recover damages for wrongful discharge."  Tyson Foods, Inc. v. McCollum, 881 So. 2d 976, 983 n.14 (Ala. 2003).

Burns has alleged no facts suggesting that he had an employment contract or any legal entitlement to continued employment with BrandSafway.  Thus, since the firing of an at-will employee generally will not support a claim for wrongful discharge under Alabama law, Burns has failed to state a claim for wrongful discharge under state law.  See Heard v. Hannah, 51 F. Supp. 3d 1129, 1145 (N.D. Ala. 2014) ("Hannah has moved to dismiss this claim on the ground that the lack of allegations supporting that Plaintiff had any legal entitlement to continued employment means that he also cannot state a claim for wrongful termination under Alabama law.  The undersigned agrees.  The firing of an at-will employee generally will not support a claim of wrongful discharge under Alabama law.").

To the extent Burns contends that the termination of his employment violated Alabama's medical marijuana laws, his claim is without merit. On May 17, 2021, Alabama Governor Kay Ivey signed into law the Darren Wesley 'Ato' Hall Compassion Act, which allows the use of medical cannabis for treatment of certain medical conditions. <u>See</u> Ala. Code § 20-2A-1 *et seq.* However, as noted by BrandSafway, the Act does not require any employer "to permit, accommodate, or allow the use of medical cannabis," nor does it prohibit any employer from "refusing to hire, discharging, disciplining, or otherwise taking an adverse employment action against an individual with respect to hiring, discharging, tenure, terms, conditions, or privileges of employment as a result, in whole or in part, of that individual's use of medical cannabis, regardless of the individual's impairment or lack of impairment resulting from the use of medical cannabis." <u>Id.</u> at § 20-2A-6(a). The Act also does not prohibit or limit "the ability of any employer from establishing or enforcing a drug testing policy, including, but not limited to, a policy that prohibits the use of medical cannabis in the workplace . . . ." <u>Id.</u> at § 20-2A-6(a)(4). And the Act does not "[p]ermit, authorize, or establish any individual's right to commence or undertake any legal action against an employer for refusing to hire, discharging, disciplining, or otherwise taking an adverse employment action against an individual with respect to hiring, discharging, tenure, terms, conditions, or privileges of employment due to the individual's use of medical cannabis." <u>Id.</u> at § 20-2A-6(a)(7).

Burns claims that he was discharged from his employment with BrandSafway for using medical marijuana. (Doc. 10 at 2). Because Alabama's medical marijuana laws do not protect individuals from adverse employment actions based on their use of medical cannabis, Burns cannot show that his discharge violated Alabama law.

### 3. Equal Protection

To the extent Burns purports to raise an "Equal Protection" claim (see Doc. 10 at 2; Doc. 17 at 2-3), the Fourteenth Amendment's Equal Protection Clause applies only to state actors, and Burns has not alleged or offered any facts to suggest that BrandSafway is anything other than a private employer. See, e.g., McCain v. Buffalo Wild Wings, 2012 U.S. Dist. LEXIS 11778, at *20, 2012 WL 298005, at *8 (D. Vt. Feb. 1, 2012) ("[W]ith respect to McCain's equal protection claim, the Fourteenth Amendment's Equal Protection Clause applies only to state actors, and Burger King is a private employer."); Zaidi v. Amerada Hess Corp., 723 F. Supp. 2d 506, 518 n.3 (E.D.N.Y. 2010) ("[T]he Equal Protection Clause of the Fourteenth Amendment can provide a vehicle for an employment discrimination claim . . . only where the defendant-employer is a state actor, and not where, as here, the employer is a private entity."). Therefore, Burns cannot assert a claim against BrandSafway under the Fourteenth Amendment's Equal Protection Clause.

### C.     Leave to Amend Will Be Denied

Leave to amend a deficient complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a court need not allow an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

The Court finds that any further amendments to Burns' putative Title VII, ADA, wrongful discharge, or Equal Protection claims would be futile. Burns failed to timely exhaust his administrative remedies under the ADA and Title VII, and the time for him to do so has long since

passed. Further, as detailed above, Burns cannot state viable claims against BrandSafway for wrongful discharge under Alabama law or violation of the Fourteenth Amendment's Equal Protection Clause based on his alleged firing for using medical marijuana.

It is conceivable that a more carefully drafted complaint could state viable claims for racially discriminatory discharge and racially hostile work environment under 42 U.S.C. § 1981. However, the Court will not grant Burns another opportunity to amend his complaint for the purpose of attempting to adequately plead such claims under § 1981, for two reasons. First, despite being informed by the Magistrate Judge of the applicable pleading standards for a complaint in federal court and being placed on notice of the specific defects in his original complaint, Burns filed an amended complaint that is at least as ambiguous and deficient as its predecessor, fails to provide adequate notice of his claims, and is nearly devoid of factual allegations. "Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix them, dismissal with prejudice . . . is proper if a plaintiff files an amended complaint afflicted with the same defects." Halstead v. Espinoza, 2023 U.S. App. LEXIS 5529, at *4, 2023 WL 2399288, at *2 (11th Cir. Mar. 8, 2023) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . . The District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible.")). Second, Burns' response in opposition to BrandSafway's motion to dismiss addresses only his alleged termination for using medical marijuana. Burns' response makes no mention of racial

discrimination or harassment, nor does it contest the dismissal of any racial or disability discrimination claims. (See Doc. 17). Given Burns' utter failure to address and correct his original complaint's deficiencies as ordered, the Court concludes that further leave to amend for the sole purpose of repleading racial discrimination and harassment claims that Burns manifestly lacks interest in pursuing is not warranted. Accordingly, the Court will not grant Burns leave to file a second amended complaint and will dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV. **CONCLUSION**

For the reasons set forth above, BrandSafway's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) is **GRANTED**, and this action is **DISMISSED with prejudice**.

**DONE and ORDERED** this 23rd day of April, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE